**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **JOAN J. PATTON,** | **ORDER** |
| **Plaintiff,** | **Case No. 2:06-cv-00461-PGC-PMW** |
| **v.** | |
| **ROBERT WEST, SKIP TANDY, RETA TRIMBLE, MARK TROXEL, JOHN CHRISTOFFERSON, CHUCK HUGO, JAMES GUYNN, JOHN ALLEN, MING ALLEN, KELLY PETERSON, PROVO CITY, and JOHN DOES 1-8,** | **District Judge Paul G. Cassell**  **Magistrate Judge Paul M. Warner** |
| **Defendants.** | |

        This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G.

Cassell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court are Joan J. Patton's ("Plaintiff")

(1) motion for entry of default[1] and motion for default judgment[2] as to John and Ming Allen

(collectively, the "Allens"), and (2) motion to strike a memorandum filed by Robert West, Skip

Tandy, Reta Trimble, Mark Troxel, John Christofferson, Chuck Hugo, James Guynn, Provo City

(collectively, the "Provo City Defendants"), and the Allens in support of their motion to dismiss.[3]

Pursuant to rule 7-1(f) of the United States District Court for the District of Utah Rules of

---

[1] *See* docket no. 21.

[2] *See* docket no. 23.

[3] *See* docket no. 14.

Practice, the court has concluded that oral argument would not be helpful or necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

As an initial matter, the court notes that Plaintiff is proceeding pro se.  Accordingly, the court will construe her pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

### I.  Plaintiff's Motion for Entry of Default and Motion for Default Judgment

Plaintiff filed these two motions based upon her belief that the Allens failed to "answer," "plead," "or otherwise appear or defend" in response to her complaint.  The court has determined that Plaintiff's motions are without merit.

Plaintiff presumably bases her motions on the absence of the Allens' names from the first notice of appearance filed by their counsel in this case[4] and the omission of their names from the captions of the motion to dismiss[5] and supporting memorandum[6] filed by their counsel.  It is true that the Allens' names were not included by their counsel–who is also representing the Provo City Defendants–in his first notice of appearance in this case.  It is also true that their names were not included in the captions of their motion to dismiss and supporting memorandum.  However, these facts are not determinative of Plaintiff's motions.

---

[4]  *See* docket no. 8.

[5]  *See* docket no. 12.

[6]  *See* docket no. 13.

2

After the Allens' motion to dismiss and supporting memorandum were filed, their counsel filed an affidavit indicating that he mistakenly failed to include the Allens' names in the captions of both the motion to dismiss and the supporting memorandum.[7]  This representation is supported by the substantive portions of both of those documents, which clearly indicate that the motion was brought on behalf of the Allens.  Indeed, an entire section of the supporting memorandum is dedicated to the Allens.[8]  In addition, the filing of the motion on behalf of the Allens constituted an appearance by their counsel, obviating the need for him to file a separate notice of appearance of counsel.  *See* DUCivR 83-1.3(a) ("The filing of any pleading, unless otherwise specified, will constitute an appearance by the person who signs such pleading, and such person will be considered counsel of record . . . .").  This notwithstanding, once the Allens' counsel learned of his oversight, he did file a separate notice of appearance of counsel.[9]

Entry of a party's default under rule 55(a) of the Federal Rules of Civil Procedure is proper only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure]."  Fed. R. Civ. P. 55(a).  Because the Allens have responded to Plaintiff's complaint by way of a motion to dismiss, an entry of their default, by definition, would be improper.  Accordingly, Plaintiff's

---

[7]  *See* docket no. 26.

[8]  *See* docket no. 13, section II.

[9]  *See* docket no. 25.

3

motion for entry of default as to the Allens is **DENIED**.  Without an entry of default, it follows

that Plaintiff's motion for default judgment as to the Allens is also **DENIED**.

## II.  Plaintiff's Motion to Strike

Plaintiff moves the court to strike the memorandum filed by the Provo City Defendants

and the Allens in support of their motion to dismiss.[10]  Plaintiff argues that the memorandum

should be stricken because it exceeds the number of pages allowed by rule 7-1(b)(3), and because

the Provo City Defendants and the Allens did not request leave to file an over-length

memorandum under rule 7-1(e).  *See* DUCivR 7-1(b)(3), (e).  Plaintiff also reasserts the rationale

in support of the previously addressed motions to argue that the Allens were not represented by

the attorney who filed the memorandum and, therefore, that the arguments in the memorandum

relating to the Allens should be stricken.

Plaintiff's motion fails for several reasons.  First, as previously noted, the attorney who

filed the memorandum at issue does represent the Allens.  Therefore, Plaintiff's argument

concerning the Allens is without merit.

Second, rule 7-1(b)(3) provides that "[m]emoranda supporting or opposing all motions,

*except (i) motions to dismiss*, . . . must not exceed ten (10) pages, exclusive of face sheet, table of

contents, statements of issues and facts, and exhibits."  DUCivR 7-1(b)(3) (emphasis added).

Rule 7-1(b)(4) goes on to provide that "[m]emoranda supporting or opposing motions to

dismiss . . . shall not exceed twenty-five (25) pages, exclusive of face sheet, table of contents,

---

[10]  *See* docket no. 13.

statements of issues and facts, and exhibits." DUCivR 7-1(b)(4). The court's review of the

memorandum at issue reveals that it does not exceed twenty-five (25) pages, exclusive of the face

sheet and statement of facts.

     For these reasons, Plaintiff's motion to strike the memorandum filed by the Provo City

Defendants and the Allens in support of their motion to dismiss is **DENIED**.

     **IT IS SO ORDERED**.

     DATED this 24th day of May, 2007.

                          BY THE COURT:

                          _____

                          PAUL M. WARNER
                          United States Magistrate Judge