**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **JOAN J. PATTON,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | **Case No. 2:06-cv-00461-PGC-PMW** |
| **v.** | |
| **ROBERT WEST, SKIP TANDY, RETA TRIMBLE, MARK TROXEL, JOHN CHRISTOFFERSON, CHUCK HUGO, JAMES GUYNN, JOHN ALLEN, MING ALLEN, KELLY PETERSON, PROVO CITY, and JOHN DOES 1-8,** | **District Judge Paul G. Cassell** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G. Cassell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court are (1) Kelly Peterson's ("Peterson") motion to dismiss;[1] (2) Robert West, Skip Tandy, Reta Trimble, Mark Troxel, John Christofferson, Chuck Hugo, James Guynn, Provo City (collectively, the "Provo City Defendants"), John Allen, and Ming Allen's (collectively, the "Allens")[2] motion to dismiss;[3] (3) Joan J. Patton's ("Plaintiff") motion for a preliminary injunction;[4] and (4) Plaintiff's two motions

---

[1] *See* docket no. 10.

[2] Peterson, the Provo City Defendants, and the Allens will be referred to collectively as "Defendants."

[3] *See* docket no. 12.

[4] *See* docket no. 29.

for leave to amend her complaint.[5]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court has concluded that oral argument would not be helpful or necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

As an initial matter, the court notes that Plaintiff is proceeding pro se.  Accordingly, the court will construe her pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

Because the major issues are related to the two motions to dismiss before the court, the court recites the relevant facts in a manner that accepts as true the well-pleaded factual allegations in Plaintiff's complaint.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

Plaintiff resides in Provo City.  All of the Provo City Defendants, with the obvious exception of Provo City, are or were employees or officials of Provo City.  Since 1984, Plaintiff has had numerous disputes over the condition of her property with the Provo City Defendants.  In connection with these disputes, Plaintiff alleges that the Allens are "agents" of and "informants" for the Provo City Defendants and that the Provo City Defendants acted "solely at the request of agents" such as the Allens.

---

[5]  *See* docket nos. 16, 30.

Plaintiff's grandchildren are the subject of a state court case over custody and child support.[6]  Peterson is the appointed guardian at litem attorney for Plaintiff's grandchildren.  On April 28, 2006, Peterson went to Plaintiff's house to visit his minor clients on matters related to the state court case.

Plaintiff's complaint in this case contains claims under 42 U.S.C. §§ 1983, 1985, and 1986 based upon Defendants' alleged violations of Plaintiff's rights under the Fourteenth Amendment (due process and equal protection); the Fourth Amendment (unreasonable search and seizure); the Fifth Amendment (taking of private property without just compensation); the First Amendment (establishment and redress of grievances); the Sixth Amendment (confrontation); Article I, Section 9 (ex post facto laws); Article I, Section 10 (impairment of contract); and the Eighth Amendment (excessive bail).  Plaintiff's complaint also contains claims for violations of the Americans with Disabilities Act ("ADA"); claims for injunctive relief; and requests for several judicial declarations, including declarations that several provisions of the Provo City Code, the Utah Code, and the United States Code are unconstitutional.  Based upon

---

[6]  Plaintiff's complaint does not contain any factual allegations about this state court case. Generally, rule 12(b) of the Federal Rules of Civil Procedure requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered. *See* Fed. R. Civ. P. 12(b).  However, since the facts of the state court case are the type of factual information that is subject to judicial notice, it does not require the court to treat the motions to dismiss before the court as motions for summary judgment.  *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004) (noting that court may take judicial notice of facts that are a matter of public record and that such facts may be considered by the court without converting a motion to dismiss into a motion for summary judgment).

these numerous claims, Plaintiff's prayer for relief seeks various forms of injunctive and

declaratory relief, as well as damages of more than $48 million from Defendants.

## ANALYSIS

### I.  Motions to Dismiss

By way of two motions under rule 12(b)(6) of the Federal Rules of Civil Procedure,

Defendants have moved the court to dismiss Plaintiff's entire complaint with prejudice for failure

to state claims upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss under rule 12(b)(6), "all well-pleaded factual

allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the

nonmoving party."  *Moore*, 438 F.3d at 1039 (alteration in original) (quotations and citation

omitted).  "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."

*Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (quotations and citations omitted),

*cert. denied*, 126 S. Ct. 1910 (2006).

As previously noted, "[a] pro se litigant's pleadings are to be construed liberally and held

to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However,

> [t]he broad reading of the plaintiff's complaint does not relieve the
> plaintiff of the burden of alleging sufficient facts on which a
> recognized legal claim could be based. . . . This is so because a pro
> se plaintiff requires no special legal training to recount the facts
> surrounding [her] alleged injury, and [she] must provide such facts
> if the court is to determine whether [she] makes out a claim on
> which relief can be granted.  Moreover, in analyzing the

4

> sufficiency of the plaintiff's complaint, the court need accept as
> true only the plaintiff's well-pleaded factual contentions, not [her]
> conclusory allegations.

*Id.*

Based upon the two motions to dismiss, the court has concluded that Plaintiff's complaint

fails to state claims upon which relief can be granted against Defendants.  In an effort to

consolidate common arguments made in the two motions to dismiss, the court will discuss the

motions in relation to Plaintiff's claims, categorized by the court as follows:  (A) claims under

sections 1983, 1985, and 1986; (B) claims for violations of the ADA; (C) claims for injunctive

relief; and (D) requests for judicial declarations.

### A.  Claims Under Sections 1983, 1985, and 1986

### 1. Peterson

Peterson argues that because his actions were not taken under color of state law, all of

Plaintiff's § 1983 claims against him fail.  "Section 1983 provides a remedy against 'any person'

who, under color of state law, deprives another of rights protected by the Constitution." *Collins*

*v. City of Harker Heights*, 503 U.S. 115, 120 (1992).  Peterson correctly argues that because a

guardian ad litem exercises independent, professional judgment on behalf of his or her clients, a

guardian ad litem does not act under color of state law for purposes of § 1983.  *See Meeker v.*

*Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (per curiam) ("We hold that a guardian ad litem is

not acting under color of state law for purposes of § 1983."); *Schaffrath v. Thomas*, 993 F. Supp.

842, 846 (D. Utah 1998), *aff'd*, 189 F.3d 478 (10th Cir. 1999).  Plaintiff's allegations against

Peterson relate exclusively to Peterson's actions undertaken in his role as the guardian ad litem

for Plaintiff's grandchildren.  Because these actions are not considered to be taken under color of state law, Plaintiff's claims against Peterson under § 1983 fail.

Peterson also argues that he is not a "person" for purposes of § 1983 or § 1985.  *See* 42 U.S.C. § 1983 (providing that it applies to "[e]very person" in violation of its provisions); 42 U.S.C. § 1985 (providing that it applies to "two or more persons" in violation of its provisions). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989).  This holding applies equally to § 1985.  *See, e.g.*, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991); *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Santiago v. New York Dep't of Corr. Servs.*, 725 F. Supp. 780, 783 (S.D.N.Y. 1989), *rev'd on other grounds*, 945 F.2d 25 (2d Cir. 1991); *Weathers v. West Yuma County Sch. Dist. R-J-1*, 387 F. Supp. 552, 555-56 (D. Colo. 1974), *aff'd*, 530 F.2d 1335 (10th Cir. 1976).

Peterson correctly asserts that Plaintiff's § 1983 and § 1985 claims against him in his official capacity as a guardian ad litem are barred because he is not a "person" for purposes of those two sections.  Although Plaintiff claims that she is also suing Peterson in his individual capacity, she has not made any factual allegations that would implicate Peterson in that capacity. Instead, all of Plaintiff's factual allegations relating to Peterson focus on actions taken by Peterson in discharging his official duties as a guardian ad litem.  Plaintiff's only efforts to include Peterson in his individual capacity are based upon her conclusory allegations to that effect.  For these reasons, Plaintiff's claims against Peterson under § 1983 and § 1985 fail.

Peterson additionally argues that Plaintiff's claims under § 1985 fail because she did not allege a class-based, discriminatory basis behind the alleged conspiracy. *See Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979) (stating that § 1985 claim requires "class-based discriminatory animus"). Although Plaintiff makes the conclusory claims that she has been discriminated against because of her age and because she is disabled, she has failed to include any well-pleaded factual allegations in support of these claims. Further, Plaintiff failed to respond to this argument in her memorandum in opposition to Peterson's motion to dismiss. Accordingly, her claims against Peterson under § 1985 fail for this additional reason.

Given the multiple grounds discussed for the failure of Plaintiff's § 1985 claims, it follows that her § 1986 claims also fail. *See id*. (stating that "where there is no valid claim under § 1985 none can exist under § 1986").

### 2.  The Allens

Like Peterson, the Allens argue that because their actions constituted private conduct, those actions cannot be considered to be undertaken under color of state law. The Allens assert that Plaintiff's well-pleaded factual allegations demonstrate only that the Allens complained to Provo City about Plaintiff's violation of Provo City ordinances and requested that Provo City enforce those ordinances. The court's review of Plaintiff's complaint demonstrates that the Allens are correct. Because the Allens' conduct constituted private action, it was not conduct undertaken under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful." (quotations and citations omitted)).

Therefore, Plaintiff's § 1983 claims against the Allens fail.

Plaintiff's § 1983 claims against the Allens fail for another reason.  As previously noted, the Allens assert that Plaintiff's well-pleaded factual allegations demonstrate only that the Allens complained to Provo City about Plaintiff's violation of Provo City ordinances and requested that Provo City enforce those ordinances.  The Allens argue that because these actions amount to nothing more than an exercise of their right to petition or complain to the government, those actions cannot form the basis for Plaintiff's civil rights claims against the Allens.  Again, the Allens are correct.  The Allens' right to complain to or petition the government is absolutely privileged from suit under the federal civil rights statutes (e.g., §§ 1983, 1985, and 1986).  *See, e.g.*, *Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir. 1981); *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1342-46 (7th Cir. 1977); *Westfield Partners, Ltd. v. Hogan*, 740 F. Supp. 523, 526-27 (N.D. Ill. 1990); *Weiss v. Willow Tree Civic Ass'n*, 467 F. Supp. 803, 816-18 (S.D.N.Y. 1979); *Aknin v. Phillips*, 404 F. Supp. 1150, 1153 (S.D.N.Y. 1975), *aff'd*, 538 F.2d 307 (2d Cir. 1976).  This serves as an additional bar to Plaintiff's claims against the Allens under § 1983.

The Allens also argue that Plaintiff's § 1985 claims fail.  Again like Peterson, the Allens argue that Plaintiff failed to allege a class-based, discriminatory basis behind the alleged conspiracy.  *See Lessman*, 591 F.2d at 608.  As previously noted, although Plaintiff makes the conclusory claims that she has been discriminated against because of her age and because she is disabled, she has failed to include any well-pleaded factual allegations in support of these claims.

8

In addition, Plaintiff failed to respond to the Allens' argument on this issue in her memorandum in opposition to the Allens' motion to dismiss.  For these reasons, her claims against the Allens under § 1985 fail.[7]

Finally, as previously stated, the failure of Plaintiff's § 1985 claims dictates that her § 1986 claims must also fail.  *See id*.

### 3.  Provo City Defendants

The Provo City Defendants argue that Plaintiff's § 1983 claims against them fail as a matter of law.  The Provo City Defendants present arguments as to each of the alleged constitutional violations contained in Plaintiff's complaint.  The court will address each of those arguments in turn.

First, the Provo City Defendants argue that Plaintiff's Fourteenth Amendment causes of action (due process and equal protection) fail to state claims on which relief can be granted.  The court agrees.  As to Plaintiff's due process claims, the Provo City Defendants correctly note that

---

[7]  The Allens also advance the related argument that even if Plaintiff's conspiracy claim can be liberally construed to be a cause of action for § 1983 liability based on a conspiracy or joint-action theory, *see Fernandez v. Mora-San Miguel Elec. Coop., Inc.*, 462 F.3d 1244, 1252 (10th Cir. 2006), rather than a claim under § 1985, she has still failed to state a claim for relief.  "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient.  Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action."  *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quotations and citations omitted).  Further, the plaintiff "must demonstrate a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences."  *Fernandez*, 462 F.3d at 1252 (quotations and citation omitted).  As the court has noted, Plaintiff has failed to make these types of allegations in support her conspiracy theory.

the only arguable statement of a due process violation is in Plaintiff's allegation that the Provo

City Defendants "creat[ed] a new and arbitrary standard for compliance with each successive

enforcement action without an intervening change in law."  However, there are no allegations in

Plaintiff's complaint identifying the standard at issue, identifying in what sense it was new at any

given time, or demonstrating that there was any arbitrary enforcement involved.  Plaintiff's

conclusory allegations fail to state claims for relief.

       As to Plaintiff's equal protection claims, the Provo City Defendants correctly note that

Plaintiff has failed to allege that the Provo City Defendants treated her differently from others

who are similarly situated.  In order to prevail on an equal protection claim when a plaintiff "does

not allege that a fundamental right is at stake [or] that [she] is a member of a suspect class," she

must show that she was treated "differently than others similarly situated . . . and that this

different treatment lacked a rational basis." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504,

532 (10th Cir. 1998) (last alteration in original) (quotations and citations omitted).  Again,

Plaintiff has failed to include well-pleaded factual allegations to support that she was treated

differently from others similarly situated.  Instead, she has made conclusory allegations that fail

to state claims for relief.

       Second, the Provo City Defendants assert that Plaintiff's Fourth Amendment claims

(unreasonable search and seizure) fail.  As an initial matter, the court notes that it is questionable

whether most, if not all, of Plaintiff's allegations even implicate the Fourth Amendment.

Nevertheless, the court will analyze Plaintiff's claims of Fourth Amendment violations by the

Provo City Defendants.  It is well settled that "[t]he Fourth Amendment does not prohibit all

10

searches and seizures; rather, only unreasonable searches and seizures are prohibited." *United States v. Maddox*, 388 F.3d 1356, 1361 (10th Cir. 2004).

In support of her Fourth Amendment claims, Plaintiff makes either inadequate or conclusory allegations.  For several claims, she alleges that there were attempted entries onto her property, but no actual entries.  Without any actual entry, the Fourth Amendment is not implicated.  For other claims, she admits that the alleged searches were undertaken with a warrant, but asserts that the alleged searches were either outside the scope of the relevant warrant or undertaken on expired or recalled warrants.  However, she does not provide any specifics as to the factual basis for the allegations about those warrants.  For another claim, Plaintiff asserts that the Provo City Defendants violated her Fourth Amendment rights by refusing to show a search warrant prior to an alleged search.  However, "there is no constitutional requirement that an officer present a warrant prior to a search." *United States v. Katoa*, 379 F.3d 1203, 1205 (10th Cir. 2004).  For her sole remaining claim, Plaintiff alleges that Provo City police officers entered her home "based on an anonymous call stating that there were children inside a condemned house."  As noted by the Provo City Defendants, the legal authority for the officers' entry into Plaintiff's home is provided by Utah Code section 78-3a-106(2)(a), which permits warrantless entry of a child's home if exigent circumstances exist. *See* Utah Code Ann. § 78-3a-106(2)(a) (2007).  The court agrees with the Provo City Defendants' argument that the anonymous phone call, along with their history with Plaintiff, provided an objective and reasonable basis to believe that exigent circumstances existed.  For the foregoing reasons, all of Plaintiff's Fourth Amendment claims against the Provo City Defendants fail.

Third, the Provo City Defendants argue that Plaintiff's causes of action under the Fifth Amendment (taking of private property without just compensation) fail to state claims on which relief can be granted. The Provo City Defendants correctly assert that Plaintiff's complaint fails to state a Fifth Amendment takings claim because it does not contain an allegation that her personal property was taken "for public use." *See* U.S. Const. amend. V (stating that private property shall not "be taken for *public use*, without just compensation" (emphasis added)).

The Provo City Defendants also correctly argue that Plaintiff's Fifth Amendment claims are not ripe as a matter of federal law. A plaintiff's claim that his property has been taken for "public use, without just compensation," *id.*, is not ripe for determination unless the plaintiff has satisfied two requirements. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186-97 (1985). The second of these requirements is that the plaintiff must have utilized state procedures for obtaining just compensation and been denied just compensation. *See Bateman v. City of W. Bountiful*, 89 F.3d 704, 708-09 (10th Cir. 1996) (stating that "the Fifth Amendment 'requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action'" (quoting *Williamson*, 473 U.S. at 194 n.13)). To satisfy this requirement in Utah, a plaintiff must seek and be denied compensation by an inverse condemnation claim in state court. *See Bateman*, 89 F.3d at 708-09. This court has dismissed Fifth Amendment takings claims for failure to seek compensation under Utah's inverse condemnation provisions. *See, e.g.*, *Anderson v. Alpine City*, 804 F. Supp. 269, 274 (D. Utah 1992). Plaintiff's complaint does not contain this required allegation for her takings claims. Accordingly, these claims are not ripe for consideration and should be dismissed.

Fourth, the Provo City Defendants assert that Plaintiff's claims under the First Amendment (establishment and redress of grievances) fail.  Plaintiff's establishment claim states that the Provo City Defendants sought "to confiscate [Plaintiff]'s property in order to provide a driveway to the adjoining church parking lot."  The factual allegation in support of this claim states that "Defendant Christofferson acknowledged to a visitor that [Provo] City intended to obtain [Plaintiff's] property in order to provide another driveway to the church parking lot."  Plaintiff has not alleged that any sort of condemnation proceeding was commenced, that any portion of her property was actually taken, or that the "church" benefitted in any way.  Her conclusory allegations fail to state an establishment claim.

Plaintiff has listed several claims under the heading of "[First] Amendment, Redress."  However, she appears to be asserting that those claims are based on a theory of "retaliation."  This notwithstanding, the Provo City Defendants correctly assert that these claims are conclusory in nature and fail to demonstrate claims under the First Amendment.  Even construing Plaintiff's complaint liberally, she has not provided any factual basis for either a violation of her right to petition the government for redress of grievances or a violation of her First Amendment rights based on retaliation.  Therefore, these causes of action fail.

Fifth, the Provo City Defendants contend that Plaintiff's confrontation claims under the Sixth Amendment fail as a matter of law.  The court agrees.  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  "The right to confrontation is basically a trial right.  It includes both the opportunity to cross-examine and the occasion for the jury to weigh

the demeanor of the witness." *Barber v. Page*, 390 U.S. 719, 725 (1968).  As noted by the Provo

City Defendants, courts have declined to find a right to confront during pretrial hearings and

pretrial investigations.  *See, e.g.*, *United States v. Harris*, 458 F.2d 670, 677-78 (5th Cir. 1972)

(stating that there is no confrontation right at preliminary hearing prior to trial); *Balliet v.*

*Whitmire*, 626 F. Supp. 219, 227 (M.D. Pa. 1986) ("Confrontation does not include investigatory

stages."), *aff'd*, 800 F.2d 1130 (3d Cir. 1986).  Plaintiff bases her confrontation claims on the

Provo City Defendants' alleged "refus[al] to identify the neighbors who have allegedly

complained" about the condition of Plaintiff's property.  Assuming this allegation to be true,

these people preceded even the investigatory stage of proceedings and did not appear at trial.

Accordingly, Plaintiff has no right to confrontation with respect to these individuals.  Because

Plaintiff's Sixth Amendment rights have not been violated by the alleged actions of the Provo

City Defendants, her confrontation claims fail as a matter of law.

Sixth, the Provo City Defendants argue that Plaintiff's claims under Article I, Section 9

(ex post facto laws) have no merit.  The court agrees.  As noted by the Provo City Defendants,

Plaintiff appears to base her ex post facto claims on Provo City's adoption of zoning and

nuisance ordinances that she alleges did not exist when she acquired her property.  However,

even if that were true, she fails to state ex post facto claims.  The ex post facto prohibition

precludes enactment of a law that "imposes a punishment for an act [that] was not punishable at

the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v.*

*Graham*, 450 U.S. 24, 28 (1981) (quotations and citations omitted).  In addition, it is well

established that an owner of property holds it subject to ordinances enacted under the valid

14

exercise of a municipality's police powers.  *See, e.g.*, *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926) (stating that zoning laws must be upheld as valid exercises of police power unless "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare").  "A city's zoning power is a proper exercise of the state police power, and if the zoning ordinance is enacted to protect public health and safety, it is ranked high on the list of zoning objectives possessed by a municipality; there is broad legislative discretion in meeting these objectives."  *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1477 (10th Cir. 1985) (citation omitted).

The Provo City Defendants assert that the ordinances at issue do not punish Plaintiff for maintaining a nuisance prior to their enactment.  Instead, they simply make it improper to do so from the date of the enactment, placing her on notice that continuing to maintain the nuisance would subject her to enforcement activities.  The court agrees with the Provo City Defendants that the ex post facto constitutional protections simply do not apply in this situation.  Therefore, Plaintiff's ex post facto claims fail.

Seventh, the Provo City Defendants correctly assert that Plaintiff's claims under Article I, Section 10 (impairment of contract) fail as a matter of law.  Plaintiff fails to identify any contract that would serve as the basis for impairment of contract claims.  Accordingly, her claims fail.

Eighth, the Provo City Defendants argue that Plaintiff's claims under the Eighth Amendment (excessive bail) are without merit.  As noted by the Provo City Defendants, the Eighth Amendment does not prohibit all bail, only excessive bail.  Plaintiff's complaint is devoid of any factual allegations in support of her contention that the imposed bail was excessive.

Instead, Plaintiff makes the conclusory assertion that because she was required to post bail, the Eighth Amendment's prohibition of excessive bail was somehow violated.  The court agrees that Plaintiff's claims are without merit.

The Provo City Defendants' final argument concerning Plaintiff's § 1983 claims is that because each of Plaintiff's constitutional claims against the Provo City Defendants fail, she has failed to state claims under § 1983.

> A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove:  (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation.  It is well established, therefore, that a municipality cannot be held liable under section 1983 for the acts of an employee if a jury finds that the municipal employee committed no constitutional violation.

*Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citation omitted); *see also id*. at 1316 n.2 ("[A section 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." (alteration in original) (quotations and citation omitted)).  The court agrees.  Because Plaintiff has failed to establish that the acts of the Provo City Defendants amounted to constitutional violations, the Provo City Defendants cannot be held liable under § 1983 for those acts.

The Provo City Defendants also argue that Plaintiff's § 1985 claims fail.  Like Peterson and the Allens, the Provo City Defendants contend that Plaintiff has failed to allege a class-based, discriminatory basis behind the alleged conspiracy.  *See Lessman*, 591 F.2d at 608.  As previously noted, although Plaintiff makes the conclusory claims that she has been discriminated

against because of her age and because she is disabled, she has failed to include any well-pleaded factual allegations in support of these claims. Further, Plaintiff failed to respond to the Provo City Defendants' argument on this issue in her memorandum in opposition to their motion to dismiss. For these reasons, her § 1985 claims against the Provo City Defendants fail.

Finally, as the court has already established, if Plaintiff has failed to state claims for relief against the Provo City Defendants under § 1985, then her claims under § 1986 against them must also fail. *See id*.

Based upon the foregoing, the court has concluded that all of Plaintiff's claims under sections 1983, 1985, and 1986 against Peterson, the Allens, and the Provo City Defendants are without merit and should be dismissed.

### B.  Claims Under the ADA

Plaintiff alleges several claims under the ADA. However, Plaintiff has included only conclusory allegations that Defendants have discriminated against her. She has failed to provide any well-pleaded factual allegations in support of her claims. While Plaintiff claims that she has been diagnosed with obsessive-compulsive disorder, she has not attempted to demonstrate that her disorder qualifies as a disability under the ADA. Further, even if the court were to assume that Plaintiff's disorder qualified as a disability under the ADA, she has not demonstrated that Defendants took any of the alleged actions because of her disorder or in violation of the ADA.

For these reasons, the court has determined that Plaintiff's claims under the ADA are without merit and should be dismissed.

17

### C. Claims for Injunctive Relief

Plaintiff also seeks injunctive relief against Defendants.  She asks that Defendants be enjoined from retaliating against her, her children, or her grandchildren for her having sought redress through court proceedings.  As with most of her other claims, Plaintiff has again failed to include any well-pleaded factual allegations in support of this claim.  Other than conclusory allegations, Plaintiff has not demonstrated that Defendants took any action based upon her decision to seek redress in court proceedings.

Plaintiff also asks that Defendants be enjoined from entering on her property or from "bringing further vexatious criminal and civil prosecutions against her."  Again, Plaintiff has merely made conclusory allegations in support of this claim and has not included any well-pleaded supporting factual allegations.

The court has concluded that Plaintiff's claims for injunctive relief are without merit and should be dismissed.

### D. Requests for Judicial Declarations

Plaintiff's complaint contains requests for several judicial declarations.  First, Plaintiff claims that sections 7.01.020, 14.34.080, and 15.20.080(2) of the Provo City Code are unconstitutional because they deny both due process and equal protection.  Plaintiff has not alleged that the ordinances are unconstitutional as applied to her under the facts of this case.  Instead, she has merely stated conclusory allegations that those ordinances are facially unconstitutional as denying due process and equal protection under the Fourteenth Amendment.  Section 7.01.020 is simply a definition of nuisances.  Section 14.34.080 makes it unlawful to

18

store trash, inoperable vehicles, and other materials.  Section 15.20.080(2) requires a property owner within a residential area to landscape identified open areas.  All of these ordinances have been adopted as permitted exercises of Provo City's police powers.  *See, e.g.*, *Village of Euclid*, 272 U.S. at 395; *J & J Anderson, Inc.*, 767 F.2d at 1477.  The ordinances are universally applicable on their face and create no impermissible categories of individuals.  Plaintiff's complaint fails to state claims that would justify the court's inquiry into the constitutionality of the ordinances.

Second, Plaintiff contends that Utah Code sections 10-9-102 and 10-9-401 are unconstitutional because they are overbroad and improperly delegate power to municipalities in violation of the Tenth Amendment.  Although neither statute currently exists, the court will construe Plaintiff's claims liberally and interpret them as referring to the current versions of those statutes, which are codified at Utah Code sections 10-9a-102 and 10-9a-501.  *See* Utah Code Ann. §§ 10-9a-102, -501 (2007).  Section 10-9a-102(1) provides the purposes for Title 10, Chapter 9a, the Municipal Land Use, Development, and Management Act.  *See id*. § 10-9a-101, -102(1).  Section 10-9a-102(2) provides municipalities the authority to enact ordinances, resolutions, and rules to achieve the stated purposes.  *See id*. § 10-9a-102(2).  Section 10-9a-501 specifically allows legislative bodies to enact ordinances and a zoning map consistent with the purposes set forth in section 10-9a-102.  *See id*. § 10-9a-501.  These code sections simply provide municipalities with the authority to exercise their police powers.  Plaintiff has failed to establish that they are unconstitutionally overbroad.

19

In addition, Plaintiff's Tenth Amendment claim is frivolous. The Tenth Amendment reserves to states powers that are not expressly delegated to Congress. *See* U.S. Const. amend. X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."). Nothing in this language precludes a state from delegating power to a local government. For these reasons, Plaintiff's claims that the aforementioned Utah Code sections are unconstitutional are without merit.

Third, Plaintiff seeks a declaration that Utah Code sections 78-3a-911 and 78-3a-912[8] are unconstitutional because they allow for warrantless searches. These statutes do not violate the Fourth Amendment. They provide the duties of an appointed guardian ad litem. But, as the court has previously established, because a guardian ad litem is not a acting under color of state law for purposes of § 1983, any actions taken by a guardian ad litem in furtherance of his or her duties do not implicate the Fourth Amendment. The Fourth Amendment protects citizens from unreasonable searches and seizures by state actors. In addition, even if the statutes allowed action to be taken under color of state law, the statutes do not violate the Fourth Amendment. The statutes, even if indirectly implicating the Fourth Amendment, are reasonable in light of (1) the minimal intrusion to allow a guardian ad litem to speak with his minor client and to investigate the client's placement and living conditions and (2) the legitimate governmental

---

[8] Although Plaintiff's complaint actually refers to Utah Code sections "78-3a-711 and 78-3a-712," those sections do not exist. However, in her memorandum in opposition to Peterson's motion to dismiss, Plaintiff refers to Utah Code sections 78-3a-911 and 78-3a-912. Accordingly, the court assumes that Plaintiff intended to refer to sections 78-3a-911 and 78-3a-912 in her complaint.

interest in providing appropriate legal representation to minors in cases where the adults responsible for them may have conflicting interests.  The court has determined that Plaintiff's claims that sections 78-3a-911 and 78-3a-912 are unconstitutional are without merit.

Fourth, Plaintiff asserts that 42 U.S.C. §§ 13011 through 13014 are unconstitutional. These claims are unrelated to Defendants' actions in this matter.  Plaintiff has failed to join the proper defendants to challenge the constitutionality of those statutes.  Accordingly, those challenges fail to state a claim for relief against Defendants.

Finally, Plaintiff claims that this case "should be referred to the United States Attorney General" under several United States Code provisions "to disqualify the Defendants from receiving federal funding."  As with most of her claims, Plaintiff has provided only conclusory allegations in support of this claim and has failed to establish that this case should be so referred. The court has concluded that this claim is frivolous on its face.

In summary, all of Plaintiff's requests for judicial declarations are without merit and should be dismissed.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Peterson's motion to dismiss be **GRANTED**, the Provo City Defendants and the Allens' motion to dismiss be **GRANTED**, and Plaintiff's complaint be dismissed in its entirety.

## II.  Plaintiff's Motion for Preliminary Injunction

In addition to filing her complaint, Plaintiff also filed a motion for a preliminary injunction against Peterson.

> To obtain a preliminary injunction, the moving party must establish: (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1262 (10th Cir. 2005) (quotations and citation omitted).

Because the court has determined that all of Plaintiff's claims against Peterson should be dismissed for failure to state claims on which relief can be granted, it logically follows that Plaintiff has failed to demonstrate that there is a substantial likelihood that she will prevail on the merits of her claims against Peterson. *See id*. at 1263 ("Having determined that the district court properly dismissed [the p]laintiffs' claim for failing to state a claim upon which relief can be granted, . . . we agree with the district court that [the p]laintiffs have failed to demonstrate that they are likely to succeed on the merits."). Therefore, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction be **DENIED**.

### III. Plaintiff's Motions for Leave to Amend Complaint

Plaintiff filed her original complaint on June 8, 2006.[9] In accordance with rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff filed an amended complaint on November 14, 2006, before any responsive pleadings had been served.[10] *See* Fed. R. Civ. P. 15(a) (providing

---

[9] *See* docket no. 1.

[10] *See* docket no. 6.

that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served").  Plaintiff has since filed two motions for leave to amend her complaint.  Because Plaintiff has already amended her complaint once as a matter of course, she may amend her pleading "only by leave of court or by written consent of the adverse party."  *Id*. Defendants have not consented to Plaintiff's motions for leave to amend her complaint. Therefore, Plaintiff may only amend her complaint by obtaining leave of court.  *See id*.

Pursuant to rule 15(a), leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" (quoting Fed. R. Civ. P. 15(a)).  However, even under this liberal standard, "the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

After reviewing Plaintiff's proposed amended complaint, which she filed with the court,[11] as well as both of her motions to amend, the court has determined that Plaintiff's proposed amendments do nothing to affect the court's conclusion that her complaint should be dismissed.

It appears that Plaintiff, presumably in response to the motions to dismiss, has simply added the conclusory allegations that the individual Defendants are also being sued in their

---

[11]  *See* docket no. 15.

individual capacity.  However, none of Plaintiff's other allegations implicate the individual

Defendants in their individual capacity.  Instead, her allegations relate solely to actions

undertaken by the individual Defendants in their official capacities.  Plaintiff cannot save her

claims simply by adding the conclusory allegation that those Defendants are also being sued in

their individual capacities.

Plaintiff also contends that several new causes of action have arisen after she filed her

complaint.  The court has reviewed those alleged causes of action and determined that they

would be subject to dismissal for the same reasons the court provided for the dismissal of

Plaintiff's other claims.  *See supra* section I.A.

Accordingly, even if Plaintiff were given leave to amend her complaint, it would still be

subject to dismissal and, consequently, the amendment would be futile.  *See Bradley*, 379 F.3d at

901.  Therefore, **IT IS HEREBY RECOMMENDED** that Plaintiff's two motions for leave to

amend her complaint be **DENIED**.

<u>CONCLUSION</u>

In summary, **IT IS HEREBY RECOMMENDED**:

1.      Peterson's motion to dismiss[12] be **GRANTED**, the Provo City Defendants and the

Allens' motion to dismiss[13] be **GRANTED**, and Plaintiff's complaint be dismissed in its entirety;

---

[12]  *See* docket no. 10.

[13]  *See* docket no. 12.

2.      Plaintiff's motion for preliminary injunction[14] be **DENIED**;

3.      Plaintiff's two motions for leave to amend her complaint[15] be **DENIED**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 24th day of May, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[14]  *See* docket no. 29.

[15]  *See* docket nos. 16, 30.

25