IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOAN J. PATTON,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT WEST, SKIP TANDY, RETA TRIMBLE, MARK TROXEL, JOHN CHRISTOFFERSON, CHUCK HUGO, JAMES GUYNN, JOHN ALLEN, MING ALLEN, KELLY PETERSON, PROVO CITY, and JOHN DOES 1–8,<br><br>Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br><br><br>Case No. 2:06-cv-00461 |

Before the court is the Report and Recommendation (R&R) issued on May 24, 2007, by United States Magistrate Judge Paul M. Warner, recommending that the defendants' motions to dismiss be granted, the plaintiff's complaint be dismissed, the plaintiff's motion for a preliminary injunction be denied, and the plaintiff's two motions for leave to amend her complaint be denied.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court has made a *de novo* determination upon the record of the portions of Magistrate Judge Warner's disposition to which the court has received specific written objections. Although Joan Patton timely filed objections, the court finds no merit to them and finds that the record fully supports the R&R.

The court addresses a few of Ms. Patton's objections here, although in a number of cases,

Ms. Patton's objections reveal her misunderstanding of the grounds upon which Judge Warner relied in rejecting Ms. Patton's claims and her misunderstanding of the nature of his findings. For example, Ms. Patton objects that Judge Warner made findings of fact favorable to the defendants, even though such findings contradict her proffered facts. But neither Judge Warner's reference to the defendants' arguments nor his legal judgments in the defendants' favor constitute favorable factual findings. Also, among her other objections, Ms. Patton claims Judge Warner concluded she had only one claim against the Provo City defendants — implying that he failed to consider the remaining claims. In reality, Judge Warner addressed at least ten distinct claims Ms. Patton made against the Provo City defendants, including her claims pursuant to 42 U.S.C. §§ 1983 and 1985 — claims encompassing Ms. Patton's argument that the City left her homeless. And importantly, Judge Warner decided these claims (and each of Ms. Patton's other claims) correctly. Finally, although Ms. Patton strenuously objects to the lack of opportunity to again amend her complaint, she has made no showing such an amendment would be anything but futile.

Consequently, after finding Ms. Patton's objections lack merit upon *de novo* review, the court ADOPTS the R&R and grants the defendants' motions to dismiss, denies the plaintiff's motion for a preliminary injunction, denies the plaintiff's motions for leave to amend her complaint, and dismisses the plaintiff's complaint. The court clerk is directed to enter judgment accordingly and to close the case, with each party to bear its own fees and costs.

DATED this 8th day of June, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge